IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WALTER MITCHELL,**
        **Plaintiff,**

v.                         No. _____
                                         (**JURY IS REQUESTED**)

**CITY OF SANTA FE,**
**a Municipal Entity Organized Under**
**the Laws of the State of New Mexico**
**and its subsidiary the Santa Fe**
**Police Department, and**

**DENNIS O'BRIAN**
**An Officer of the Santa Fe Police**
**Department, Individually,**
        **Defendants.**

## COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

Plaintiff Walter Mitchell, through his attorney, Dennis W. Montoya, MONTOYA LAW, INC., brings this complaint for violation of his civil rights under the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983, and allege as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this action pursuant to 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. § 1343.

2.  Venue is proper in this district, pursuant to 28 U.S.C. § 1357, as parties are all residents or entities of New Mexico and all of the acts complained of occurred in New Mexico. Plaintiff's causes of action arose in New Mexico.

## PARTIES

3. Plaintiff Walter Mitchell is an adult resident and citizen of the state of New Mexico.

4. Defendant Dennis O'Brian is an officer of the Santa Fe Police Department.

5. Defendant O'Brian, at all relevant times herein, was a law enforcement officer employed by the Santa Fe Police Department, a governmental agency operated by Defendant City of Santa Fe. At all times material to this complaint, Defendant O'Brian was acting within the scope and course of his employment and under color of state law.

6. Defendant City of Santa Fe is a governmental (municipal) entity created pursuant to NMSA 1978, § 3-2-1 *et seq*. The Santa Fe Police Department is a subsidiary agency of the City of Santa Fe.

7. Defendant City of Santa Fe is sued under 42 U.S.C. § 1983 for damages under a theory of municipal liability for failure to adequately train supervise Defendant O'Brian and for its customs, policies, and/or practices.

## FACTUAL BACKGROUND

8. This is a civil action for monetary damages, arising from the fact that Defendant O'Brian used excessive force against Plaintiff and battered Plaintiff.

9. Plaintiff's federal constitutional claims arise under 42 U.S.C. § 1983, and under the Fourteenth and Fourth Amendments to the United States Constitution.

10. The Fourth Amendment to the United States Constitution reads as follows:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

11. Specifically, on or about November 4, 2002, Defendant Dennis O'Brian shot Plaintiff. Upon information and belief, the forensic evidence available in this matter will demonstrate that Plaintiff was shot while walking away from Defendant, *i.e.*, that Plaintiff was shot in the back. Plaintiff was shot from behind a total of three times. At the time that he was shot, Plaintiff posed no legitimate threat to Defendant or others.

12. The use of a firearm clearly constitutes the use of deadly force.

13. The use of deadly force against Plaintiff was not objectively reasonable under the circumstances and a reasonable officer would not have acted as did Defendant.

14. Upon information and belief, no disciplinary steps were taken against

Defendant O'Brian as a result of either the unlawful actions that he perpetrated against Plaintiff.

## COUNT I: EXCESSIVE AND UNNECESSARY USE OF FORCE IN VIOLATION OF THE FOURTH AMENDMENT

15. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

16. At all times material hereto, Plaintiff had a Fourth Amendment right to be free of excessive and unnecessary use of force in the course of his detention and arrest.

17. The force that Defendant O'Brian used upon Plaintiff was unnecessary, objectively unreasonable, and excessive under the circumstances and resulted in a significant injury to Plaintiff.

18. Prior to engaging in his unlawful actions, including the use of unnecessary force against a citizen, Defendant O'Brian had a duty to critically evaluate the facts on which they would rely to support his planned actions and to determine if such actions were objectively reasonable and in good faith under the totality of the circumstances.

19. Defendant O'Brian failed to exercise his duty in these regards and his actions were not objectively reasonable. Defendant O'Brian' actions during their arrest and detention of Plaintiff, to wit: shooting Plaintiff in the back constituted

excessive and unreasonable force.

20. In addition, the actions undertaken by Defendant O'Brian were willful, wanton and were perpetrated in reckless disregard of Plaintiff's constitutional rights.

21. As a result of Defendant O'Brian' actions, Plaintiff suffered damages in medical bills; personal injury; and mental and emotional distress of the type and variety that any person would be expected to suffer under like circumstances (also called "garden-variety emotional distress").

### COUNT II: MUNICIPAL LIABILITY: CITY OF SANTA FE (CUSTOM AND POLICY)

22. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

23. The acts and omissions in violation of Plaintiff's rights by Defendant O'Brian were perpetrated pursuant to the custom and policy of the City of Santa Fe.

24. The City of Santa Fe either maintains an official policy of permitting its officers to fire on suspects who are not posing a direct threat to its officers or, in the alternative, maintains a *de facto* policy of ignoring such actions by Defendant and other Santa Fe Police Department officers.

25. The City of Santa Fe's knowledge of Defendant O'Brian' illegal

detention of Plaintiffs as well as the illegal detentions perpetrated by other Santa Fe Police Department officers can be inferred from the obviousness of the facts. Simply put, with numerous police employees on the scene of this and other similar incidents, it is not possible for Defendant O'Brian and others to have acted without the knowledge and permission of the City.

26. The City of Santa Fe was deliberately indifferent to the rights of Plaintiffs and other citizens of Santa Fe.

27. The City's policies, procedures, and/or customs, either official or *de facto*, were a moving force behind Defendants' illegal acts.

### COUNT III: MUNICIPAL LIABILITY: CITY OF SANTA FE (FAILURE TO TRAIN AND SUPERVISE)

28. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

29. The acts and omissions in violation of Plaintiff's rights by Defendant O'Brian were perpetrated pursuant to the custom and policy of the City of Santa Fe.

30. The City of Santa Fe failed to train Defendant O'Brian and/or failed to supervise Defendant O'Brian regarding the circumstances under which he could lawfully arrest, detain, and/or imprison citizens.

31. The City of Santa Fe's failure to train and/or supervise Defendant

O'Brian regarding his illegal detention of Plaintiffs and others, as well as the illegal detentions perpetrated by other Santa Fe Police Department officers, can be inferred by the obviousness of the facts.

32. The City of Santa Fe was deliberately indifferent to the rights of Plaintiffs and other citizens of Santa Fe.

33. The City's failure to train and supervise Defendant O'Brian was a moving force behind Defendants' illegal acts.

## COUNT IV:  PUNITIVE DAMAGES
### (Solely Against Defendant O'Brian in his Individual Capacity— Brought under 42 U.S.C. § 1983)

34. Each and every foregoing allegation is herein incorporated by reference as if fully set forth.

35. The acts and omissions of Defendant O'Brian herein were willful, wanton, intentional, malicious, and committed with the intent to cause harm, and said acts and omissions did in fact cause harm to Plaintiff.

36. The award of punitive damages as against Defendant O'Brian is justified and necessary in order to dissuade Defendant O'Brian and others likewise situated from behaving in the same or similar fashion in the future.

37. No punitive damages are requested or sought against any municipalities or against Defendant O'Brian in any of his official capacities.

**WHEREFORE**, Plaintiff prays that the Court accept his complaint and order appropriate preliminary hearings on all issues susceptible to such hearings. Plaintiff further prays that the Court, after all preliminary matters are resolved and full discovery has been had, order trial by jury of the case on its merits. Plaintiff prays that following trial this Court award nominal damages and compensatory damages against all Defendants and award punitive damages against Defendant O'Brian. Finally, Plaintiff prays that this Court award them the costs of this action and reasonable attorney's fees, and such other and further relief as may be deemed just and equitable under the circumstances as described above.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury as to all counts so triable.

Respectfully submitted,<br>
**MONTOYA LAW, INC**.

By: _____
Dennis W. Montoya
Attorney for Plaintiff
P.O. Box 15235
Rio Rancho, NM 87174-0235

(505) 246-8499
(505) 246-8599 (facsimile)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**WALTER MITCHELL,**
          **Plaintiff,**

v.                                           No. _____

                                                        (JURY IS REQUESTED)

**CITY OF SANTA FE,**
**a Municipal Entity Organized Under**
**the Laws of the State of New Mexico**
**and its subsidiary the Santa Fe**
**Police Department, and**

**DENNIS O'BRIAN**
**An Officer of the Santa Fe Police**
**Department, Individually,**
          **Defendants.**

**VERIFICATION**

**STATE OF NEW MEXICO**       )
                                         ) ss
**COUNTY OF BERNALILLO**       )

    Walter Mitchell, Plaintiff in the above captioned case, being first duly sworn and upon his oath, states that he has read the foregoing Complaint, and that the same is true to the best of his knowledge, information and belief.

                                                               _/s/ Walter M. Mitchell_
                                                               Walter Mitchell

    SUBSCRIBED AND SWORN TO before me on Wednesday, November 02, 2005, by Walter Mitchell.

                                                               _/s/_
                                                               Notary Public

My Commission Expires:
June 14, 2009