IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER MITCHELL,

        Plaintiff,

    vs.                              No. 05-CV-1155 JB/LAM

BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF SANTA FE,
a Governmental Entity organized under
the Laws of the State of New Mexico and
its subsidiary Santa Fe County Sheriff's Department,
and DENNIS O'BRIEN, a Deputy Sheriff with the
Santa Fe County Sheriff's Department,
individually,

        Defendants.

## INDEPENDENT ACTION IN EQUITY
## TO OBTAIN RELIEF FROM A JUDGMENT

COME NOW Defendants, by their undersigned counsel, pursuant to Fed.R.Civ.P. 60(d)(1) and the common law, and hereby move the Court, in equity, to set aside and make null and void the Judgment entered in this action on December 31, 2007 (Doc. 45) and to vacate and dissolve the corresponding Notice of Lis Pendens (Doc. 46).

THE GROUNDS for this motion, as more fully set forth herein, are that the Judgment was entered in violation of the due process rights of both Defendants under the United States Constitution and that, in equity and fairness, it ought to be set aside and voided in order to prevent a grave miscarriage of justice.

### SUMMARY OF MOTION

This motion is based upon a long-established doctrine that predates the Federal Rules of Civil Procedure but is expressly recognized therein, called an independent action in equity to

obtain relief from a judgment.  See Fed.R.Civ.P. 60(d)(1); Tates v.
Beggerly, 524 U.S. 38, 45-47 (1998); see Wright, Miller & Kane,
Federal Practice and Procedure, Civil 2d § 2868 ("Wright, Miller").

The traditional requirements for application of the doctrine
are set forth in an oft-quoted 1903 Eighth Circuit opinion:

> The indispensable elements of such a cause of action are
> (1) a judgment which ought not, in equity and good
> conscience, to be enforced; (2) a good defense to the
> alleged cause of action on which the judgment is founded;
> (3) fraud, accident, or mistake which prevented the
> defendant in the judgment from obtaining the benefit of
> his defense; (4) the absence of fault or negligence on
> the part of the defendant; and (5) the absence of any
> adequate remedy at law.

See National Sur. Co. of New York v. State Bank of Humboldt,
120 Fed. 593, 599 (8th Cir. 1903), quoted in Wright, Miller, supra;
see also, Crosby v. Mills, 413 F.2d 1273, 1276 (10th Cir. 1969);
Winfield Associates, Inc. v. Stonecipher, 429 F.2d 1087, 1090-91
(10th Cir. 1970); Robinson v. Volkswagenwerk AG, 56 F.3d 1268,
1273-75)(10th Cir. 1995), cert. denied 516 U.S. 1045 (1996); Tates
v. Beggerly, supra.  The action is equitable in nature, directed to
the sound discretion of the court, may be brought by motion in the
court in which the judgment was rendered (or another court), and is
not limited by any specific time for its filing, other than laches.
See Crosby v. Mills, supra; Robinson v. Volkswagenwerk AG, supra;
Wright, Miller, supra at Civil 2d § 2868.  Clearly, however, an
independent action in equity to obtain relief from a judgment is
only to be utilized in "unusual and exceptional circumstances,"
Crosby v. Mills, supra, 413 F.2d at 1276, and in order "to prevent
a grave miscarriage of justice[,]" Tates v. Beggerly, supra, 524

-2-

U.S. at 47.

As the Court will see, this particular case cries out for application of the doctrine, and vacation of the judgment.

## STATEMENT OF MATERIAL FACTS

The record in the instant case (No. 05-CV-1155 JB/LAM) and the attached affidavits and exhibits demonstrate that the following facts are undisputed.

1.    On November 4, 2002, Walter Mitchell, the Plaintiff at bar ("Plaintiff"), after voluntarily consuming an excessive dose of medication that apparently caused him to become psychotic and/or hypomanic, attacked his neighbor's dogs with a sword in Santa Fe, New Mexico and almost struck the young neighbor (Mayre Perez) with his sword.  Ms. Perez, believing that Plaintiff might strike her, called her parents, who in turn called the police.  See Ex. A (certified copy, Court's Findings of Fact and Conclusions of Law, State of New Mexico v. Mitchell, First Judicial District Court, State of New Mexico, Santa Fe County No. D-101-CR-2002-1027), at ¶¶ 1-17.[1]

2.    On November 4, 2002, the day of the material events, Plaintiff had a substantial disorder of thought, mood and behavior. See Ex. A at ¶ 13.

_____

[1] As will be argued in this motion, the facts that were litigated in Plaintiff's criminal prosecution with a full and fair opportunity for Plaintiff and his two lawyers to contest them, and subsequently decided by the First Judicial District Court sitting as the finder of fact, based upon proof beyond a reasonable doubt, are subject to collateral estoppel.  See, i.e. Allen v. McCurry, 449 U.S. 90 (1980).

-3-

3.    Sgt. Dennis O'Brien, Deputy Sheriff Rafael Rodriguez, Deputy Sheriff Fred Borman and Deputy Sheriff Billy Smith, all employed by the Santa Fe County Sheriff's Department, were dispatched to the scene.  When they arrived, the neighbor's father, Filiberto Perez, was holding Plaintiff at bay with a piece of pipe. See Ex. B (Criminal Complaint, Statement of Probable Cause and Witness Statements).

4.    Then-Sheriff's Sgt. Dennis O'Brien is a named Defendant in the instant civil action.

5.    Sgt. O'Brien was the lead officer on November 4, 2002. Upon their arrival, several officers instructed Plaintiff to put down the sword (which was in its scabbard) but Plaintiff removed the sword from the scabbard and held it in a threatening manner. The deputies continually instructed Plaintiff to put down his sword but Plaintiff refused to comply.  On two occasions, Plaintiff advanced on Sgt. O'Brien while holding his unsheathed sword in a threatening manner but then retreated; both times, Sgt. O'Brien believed that Plaintiff intended to attack him with the sword. Then, Plaintiff advanced on Sgt. O'Brien a third time but at a quicker pace, and Sgt. O'Brien believed he was being attacked. Sgt. O'Brien retreated as far as possible, backing up as he faced Plaintiff, while Plaintiff continued to advance toward him with his sword, until Sgt. O'Brien had retreated as far as possible by backing himself into a parked vehicle.  Sgt. O'Brien thereupon shot Plaintiff three times as Plaintiff continued to come towards him. See Ex. A, ¶¶ 18-32.  The officers then arrested Plaintiff.

-4-

6. Plaintiff made statements during the incident regarding the Apocalypse and stated, "I hate cops." During his third and final attack on Sgt. O'Brien, Plaintiff held his sword with one hand on the grip and the other against his palm, with the blade facing outward and toward Sgt. O'Brien; while quickening his pace towards Sgt. O'Brien, Plaintiff had a look of rage in his eyes. See Ex. B.

7. In addition to Plaintiff, seven eyewitnesses observed the incident described in paragraphs 5-6 above, including Plaintiff's raging, psychotic sword charge on Sgt. O'Brien, Sgt. O'Brien's retreat by backing up into a parked car, and the discharge of the officer's firearm into the front of Plaintiff's advancing body: Dennis O'Brien, Rafael Rodriguez, Fred Borman, Billy Smith, the neighbor Mayre Perez (an eleventh grader at the time), and her parents Filiberto Perez and Margarita Perez. See Ex. B.

8. On information and belief, if the instant case had gone to trial on the merits, Defendants would have called most or all of the seven foregoing witnesses to testify at trial. On information and belief, all such eyewitnesses would have testified to Plaintiff's frontal attack on Sgt. O'Brien while O'Brien, moving backwards, backed into a parked vehicle prior to firing his gun as Plaintiff had continued to advance upon him at a quickened pace.

9. On November 15, 2002, the Grand Jury of Santa Fe County indicted Plaintiff for two felonies, based on the events described in paragraphs 5-6: aggravated assault upon a peace officer (e.g. Sgt. O'Brien), and aggravated assault with a deadly weapon, to wit:

-5-

a sword, upon Mayre Perez. <u>See</u> Ex. C (certified copy, Indictment).

10. On March 16-18, 2004, following a bench trial at which Plaintiff was represented by two attorneys, Plaintiff was convicted beyond a reasonable doubt of both of the felony charges, and found guilty but mentally ill. <u>See</u> Ex. D (certified copy of Judgment and Partially Suspended Sentence); Ex. A, ¶ 8.

11. Subsequently, Plaintiff waived his right to appeal the two felony convictions. <u>See</u> Ex. E (certified copy of Waiver).

12. On November 2, 2005, Plaintiff filed the instant action. <u>See</u> Doc. No. 1. Plaintiff's complaint named two defendants: the City of Santa Fe, alleged to be a municipal entity organized under the laws of the State of New Mexico, and the City's "subsidiary," the Santa Fe Police Department, and Dennis O'Brian (sic.), alleged to be an Officer of the Santa Fe Police Department, individually.[2]

13. Plaintiff's action was based on the November 4, 2002 incident described in paragraphs 5-6 above. The complaint alleged that Officer O'Brian (sic.) shot Plaintiff in the back as Plaintiff was walking away from the officer and that at the time he was shot, "Plaintiff posed no legitimate threat to Defendant or others." <u>See</u> Doc. 1 ¶ 11. The complaint alleged that Defendant O'Brian (sic.) "at all relevant times herein, was a law enforcement officer employed by the Santa Fe Police Department" and that at all material times, Defendant O'Brian (sic.) "was acting within the scope and course of his employment and under color of state law."

---

[2] Plaintiff filed his action two days prior to expiration of the applicable 3-year statute of limitations. <u>See</u> <u>Garcia v. Wilson</u>, 731 F.2d 640 (10th Cir. 1984), <u>aff'd</u>, 471 U.S. 261 (1985).

See Doc. 1 at ¶¶ 4-7. The complaint omits any mention of Plaintiff's sword or his three frontal attacks on Sgt. O'Brien or any of the other facts described in paragraphs 5-6, and omits any mention of his criminal trial and conviction.

14. The complaint (Doc. 1) was verified under oath by Plaintiff Walter Mitchell.

15. On information and belief, the City of Santa Fe and/or the Santa Fe Police Department had no involvement whatever in the events of November 4, 2002, described in paragraphs 5-6 above.

16. Dennis O'Brien never has been employed by the City of Santa Fe, as a police officer or otherwise. See Ex. J, ¶¶ 3-4.

17. The action at bar was filed on Plaintiff's behalf by attorney Dennis W. Montoya, who has been sanctioned on at least four occasions by four judges of the United States District Court for the District of New Mexico, for a variety of misconduct and abuse of the judicial process. See Memorandum Opinion and Order, No. 09-CV-104 (Doc. 34), at 15-19 (four sets of sanctions discussed as imposed by Judges Parker, Armijo, Johnson and Garcia).

18. In the instant case, Plaintiff obtained the issuance of summonses against the City of Santa Fe and Dennis O'Brian (sic.).

19. On December 29, 2005, Plaintiff filed a Return of Summons as to Defendant O'Brian (sic.), which alleged that personal service was made on "the defendant" on November 18, 2005. See Ex. F.

20. The style of the case on the "Summons in a Civil Case" filed as part of the Return of Service as to Defendant O'Brian (sic.) (Ex. F) does not expressly state Dennis O'Brian's typed name

-7-

as a Defendant (as it does on the complaint), but instead states "et al." after naming Defendant City of Santa Fe.   The summons filed with the return also has the typed words "Police Dept." apparently whited out, and replaced with the handwritten words "County Sheriff's Dept." after the typed words, "Santa Fe."   See Ex. F; compare with the unissued summons, attached as Ex. H.[3]

21.   The Return of Service (Ex. F) was signed by Ken Johnson, who at the time was a Santa Fe County Sheriff's Department Sergeant in charge of the Sheriff's Community Support Services Division which encompassed Civil Process, Traffic Enforcement, Training and Public Relations.   The signature on Ex. F is, in fact, Sgt. (now Lieutenant) Johnson's signature.   However, Lt. Johnson has personally served over a hundred summonses, subpoenas, writs, etc. and has supervised and overseen the service of thousands of additional summonses, subpoenas, etc.   Today, Lt. Johnson has no independent memory or recollection whatever regarding such purported service of process, including whether or not, in fact, he served the documents on Dennis O'Brien.   See Ex. G, ¶¶ 2-8.

22.   The handwriting reflected on p. 1 of Ex. F, wherein the typed words "Police Dept." apparently were whited out and replaced with "County Sheriff's Dept.", is not Lt. Johnson's handwriting, and Lt. Johnson does not know who wrote such words, or when they

_____

[3] The unissued summons (Ex. H) was filed by Plaintiff as part of his complaint.   See Doc. 1-2. By using the phrase "et al." as opposed to expressly naming Defendant Dennis O'Brian (sic.) in the case name, the summons violated Fed.R.Civ.P. 4(a)(1)(A), which requires a summons to name "the court and the parties" (plural; emphasis added), in addition to being directed to a specific defendant.

were written.  See Ex. G, ¶ 5; Ex. F; compare Ex. F with Ex. H.[4]

23.   The  Santa  Fe  County  Sheriff's  Department's  internal
document corresponding to the Return of Summons (Ex. F) is called
a "Court Services Docket Sheet."  See Ex. I.  Exhibit I reflects
the correct Case Number corresponding to the summons (05cv01155)
and also reflects the same date of service corresponding to the
Return of Service (November 18, 2005), and also bears the true
signature of then-Sgt. Ken Johnson.  However, Exhibit I states that
the deputy to whom service was assigned was "Cpl. V. Pacheco" (not
Sgt. Johnson); states that "Defendant" is the "City of Santa Fe"
(rather than Dennis O'Brian); and states that the Plaintiff is
Paula Montoya (rather than Walter Mitchell) and that she is Pro Se
(rather than represented by Dennis W. Montoya, Esq.).  Lt. Johnson
is unable to explain the above-described anomalies reflected in the
Sheriff Department's paperwork and has no independent recollection
regarding the paperwork itself or the service he purportedly made.
See Ex. G, ¶ 9.

24.   Dennis O'Brien has sworn upon his oath that he never was
served with any summons and/or complaint in the instant action, and
that he never saw the summons, complaint and/or amended complaint
prior to late February 2010.  See Ex. J, ¶ 5.

25.   On April 11, 2006, Plaintiff in the instant action filed
a Motion for Default Judgment against Defendant Dennis O'Brian

_____

[4] It  is  unknown  based  on  the  existing  record  whether  the
typewritten words on the summons were altered before or after its
issuance by the United States District Court Clerk, and therefore
it is unclear whether or not an officially-issued document was
tampered with, or by whom, or when.

-9-

(sic.) and on April 12, 2006, the Court Clerk entered a default. <u>See</u> Docs. 6, 12.   Subsequently, the Court granted the motion and issued an Order.   <u>See</u> Doc. 15.[5]

26.   On April 19, 2006, five months after the purported service of process on Dennis O'Brian (sic.), Plaintiff filed a First Amended Complaint in the case at bar.   <u>See</u> Doc. 12.[6]

27.   Plaintiff's amended complaint showed the correct spelling of Dennis O'Brien's name and his correct title as "a Deputy Sheriff with the Santa Fe [County] Sheriff's Department," and also named the Board of County Commissioners of the County of Santa Fe as a defendant, in substitution of the City of Santa Fe.   <u>See</u> Doc. 12, style of case, and ¶¶ 4-7.[7]   The amended complaint repeated verbatim the allegations that Officer O'Brien shot Plaintiff in the back as Plaintiff was walking away and that at the time he was shot in the back, "Plaintiff posed no legitimate threat to Defendant or others."   <u>Compare</u> Doc. 1 at ¶ 11 <u>with</u> Doc. 12 at ¶ 11.   Like his first complaint, Plaintiff's amended complaint omits any mention of Plaintiff's sword, his three frontal attacks on O'Brien or any of the other facts described in paragraphs 5-6, and omits any mention of his subsequent criminal trial and conviction.

---

[5] The Order reflects that Plaintiff sought a default judgment against "Defendant Russell Fleming" but then goes on to grant default judgment against "Defendant Dennis O'Brian" (sic.), rather than Russell Fleming.

[6] Plaintiff filed his amended complaint in apparent violation of Fed.R.Civ.P. 15(a).

[7] Pursuant to § 4-46-1, NMSA 1978, any civil action brought against the County of Santa Fe must be brought in name against the Board of County Commissioners.

28.   The amended complaint alleged that Defendant O'Brien was acting within the scope and course of his employment as a law enforcement officer of Santa Fe County and that he acted under color of state law at all material times.  See Doc. 12, ¶ 5.

29.   There is no dispute that at all material times on November 4, 2002, Defendant Dennis O'Brien was acting within the scope and course of his employment as a law enforcement officer of Santa Fe County and that he acted under color of state law.

30.   Plaintiff never served a copy of the amended complaint on Defendant Dennis O'Brien.  Although the Court Clerk issued a summons as to Defendant Board of County Commissioners (see unnumbered docket entry, April 20, 2006), Plaintiff never made service of process on the Board of County Commissioners or the County Clerk.  See Docket Sheet, reflecting no return of service; see Clerk's Minutes (Doc. 31, pp. 1, 3), where Mr. Montoya informs the Court that he has "chosen" not to serve "the County Defendants at this time"; see Ex. K (Affidavit of Kathleen A. Ortiz).

31.   Pursuant to the New Mexico Tort Claims Act, Plaintiff's allegation as summarized in paragraph 28, above, irrespective of whether or not service of process had been made on Santa Fe County itself and/or its Board of County Commissioners, created an obligation to pay any judgment entered against Sgt. Dennis O'Brien. See NMSA 1978, Sections 44-4-4(C), 44-4-4(D)(2).[8]

32.   On December 7, 2006, the date of the pretrial conference,

---

[8] Arguably, under the facts and circumstances of the case, the Defendant Board of County Commissioners of Santa Fe County was a necessary party pursuant to Fed.R.Civ.P. 19(a).

the Court in the instant case was aware that: Plaintiff had not served a copy of the amended complaint on Defendant O'Brien; that Sgt. O'Brien was still employed by the Santa Fe County Sheriff; and that Plaintiff had not made service of process, and did not intend to do so, on Defendant County of Santa Fe. See Doc. 31, pp. 1, 3.[9]

33. Previously, the Court in the instant case had decided that Plaintiff did not need to serve notice on Defendant O'Brien of the upcoming jury trial to assess damages against O'Brien in his individual capacity, although the Court "re-affirm[ed] that it would prefer to proceed [at the future damages trial] in the context of an adversarial setting," and notwithstanding that the Court was aware that Dennis O'Brien was actively employed by the Santa Fe County Sheriff's Department, and was not in hiding or of unknown whereabouts. See Memorandum Opinion and Order (Doc. 18), pp. 1, 2, 3-4, 15-18, 22-23.

34. Although the Court was aware that Santa Fe County was a named defendant and had not been served with process (Doc. 18 at 2), the Court may not have considered whether Plaintiff should give notice of the damages trial to Santa Fe County, especially in light of its statutory obligation to pay any resulting judgment. See Memorandum Opinion and Order (Doc. 18); see Fact No. 31 above.

35. On information and belief, based upon the docket and the certificates of service, Plaintiff never served copies of any

---

[9] At a June 16, 2006 hearing, Mr. Montoya informed the Court that Defendant Dennis O'Brien was still an active duty officer employed by the Santa Fe County Sheriff's Department. See Transcript of Hearing at 43:20-24, referenced in Doc. 18, p. 2. Mr. Montoya was correct. See Ex. J at ¶ 3.

pleadings, motions, notices or anything else filed in this case on Defendant Santa Fe County or Defendant Dennis O'Brien (apart from the purported service of the original summons and complaint on O'Brien) in the two years between filing the action and judgment.

36.   There is no proof that the Court or the Court Clerk ever served copies of any notices, orders or anything else filed in this case on Defendant Santa Fe County or Defendant Dennis O'Brien.

37.   On December 10, 2007, the Court in the instant case presided over a jury trial on the issue of damages, without any attendance or participation by either Defendant.  The jury returned a verdict in favor of Plaintiff in the amount of $3 million, and the Court entered final judgment on the verdict.  See Docs. 44, 45.

38.   On December 28, 2007, after trial *in absentia* and with his verdict in hand, Plaintiff filed a dismissal without prejudice of his claims against Defendant Santa Fe County.  See Doc. 44.

39.   On July 29, 2009, Plaintiff filed a Notice of Lis Pendens against Dennis O'Brien.  See Doc. 47.  The notice expressly targets O'Brien's personal residence in Santa Fe.

40.   In late February 2010, Defendants (Dennis O'Brien and County of Santa Fe) first became aware of the proceedings and the existence of a $3 million judgment against O'Brien from 2007, by its disclosure in an unrelated case and resulting media publicity. See Ex. L (Albuquerque Journal article); see Ex. J, ¶ 5.

**ARGUMENT AND AUTHORITY**

**THE COURT SHOULD VACATE AND SET ASIDE THE JUDGMENT**

As the Court is aware, judgments by default are disfavored,

especially in cases involving material issues of fact and/or substantial sums of money.  See, i.e. Wright, Miller and Kane, Federal Practice and Procedure, Civil 3d § 2681, § 2693; accord, i.e. Gomes v. Williams, 420 F.2d 1364, 1366 (10th Cir. 1970) ("[t]he preferred disposition of any case is upon its merits and not by default judgment"); accord, Meeker v. Rizley, 324 F.2d 269 (10th Cir. 1963).

It is not an exaggeration to opine that the default judgment entered in the instant case represents a true miscarriage of justice and precisely the kind of situation subject to remedy by an independent action in equity to obtain relief from a judgment.  See Fed.R.Civ.P. 60(d)(1); Tates v. Beggerly, supra, 524 U.S. at 47 (action to be used "to prevent a grave miscarriage of justice"); Wright, Miller, supra at Civil 2d § 2868; Winfield Associates, Inc. v. Stonecipher, supra, 429 F.2d at 1090 (10th Cir. 1970) (action generally must be based on "fraud, accident, mistake or the like").

The elements of the independent equitable action are based upon "the various ancient writs recognized by the common law[.]" See Winfield Associates, Inc., supra; Oliver v. City of Shattuck, 157 F.2d 150 (10th Cir. 1946).  Generally, a moving party in the Tenth Circuit must show a recognized ground for equitable relief (fraud, accident, mistake, etc.); that there is no other or adequate remedy at law; and that the situation is not due to the moving party's own fault, neglect or carelessness.  See Winfield Associates, Inc., supra, 429 F.2d at 1090-91. As previously noted, a 1903 Eighth Circuit case has been quoted often, as follows:

-14-

The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

See National Sur. Co. of New York v. State Bank of Humboldt, supra, 120 Fed. at 599, quoted in Wright, Miller, supra.

In the case at bar, all the elements exist, regardless of the precise test utilized. The default judgment at issue rests upon service of process on Dennis O'Brien that is, at the very least, doubtful; at worst, non-existent. The internal documents maintained by the server (the Santa Fe County Sheriff's Department) create a reasonable doubt as to whether service was, in fact, made, and Officer O'Brien's sworn testimony is that he was not served. Indeed, it is difficult to imagine any reason in the world why a law enforcement officer, served with a lawsuit by a person who attacked him with a sword and then was convicted for the attack, would ignore the summons and complaint. As a matter of law, all costs of defense including attorney's fees would have been paid for by the County of Santa Fe, as would any settlement or judgment. See NMSA 1978, § 41-4-4(B)(2), § 41-4-4(C), § 41-4-4(D)(2).

Moreover, the allegations of the Plaintiff's complaint expressly contradict the reality of Plaintiff's felonious attack on Defendant Dennis O'Brien, as known by O'Brien of his own certain, personal knowledge: the complaint sought damages based on allegations that O'Brien had shot Plaintiff in the back while

-15-

Plaintiff was walking away from O'Brien, at a time when Plaintiff allegedly posed no danger to O'Brien or anybody else. Why, if Plaintiff in fact had served such a slanderous, blatantly untrue document on O'Brien, would the latter have simply ignored it? Defendant O'Brien, in fact, "never would have ignored" the summons and complaint, if they had been served upon him. See Ex. J, ¶ 6.

The summons and the complaint (even if they were served on Dennis O'Brien, which Defendants deny) are erroneous and deceptive. They purport to sue the City of Santa Fe and a City Police Officer named Dennis O'Brian (sic.); the case style on the face of the summons does not state O'Brien's name, but uses the phrase "et al." in violation of Rule 4(a)(1)(A). The summons returned and filed with the Court, moreover (Doc. 3, a copy of which is attached as Ex. F), clearly has been intentionally altered so that the typed words "Santa Fe Police Dept." appear to have been partly whited out, and "Police Dept." replaced with the handwritten words, "County Sheriff's Dept." The record does not reflect who made the alteration, or when it was made, or whether it constituted an unauthorized tampering with an officially-issued court document.

In addition, there is no dispute that Plaintiff never served a copy of the amended complaint (which correctly identified O'Brien as a Deputy of the Santa Fe County Sheriff's Department, and which named the Board of County Commissioners of Santa Fe County as another Defendant) on Dennis O'Brien, at any time during the two years between its filing and entry of judgment. And there is no dispute that Plaintiff never served process on or gave any other

notice to the County of Santa Fe, which by law was obligated to pay any judgment against its officer who was alleged to have, and did, act within his scope of duty.  See NMSA 1978, § 41-4-4(C), 4(D)(2). As noted (n. 8), Santa Fe County arguably was a necessary party.

Indeed, the Court itself was made aware during the proceedings that Plaintiff had not served a copy of the amended complaint on O'Brien; that O'Brien was still working as a Sheriff's Deputy in Santa Fe (not hiding or evading service or of unknown whereabouts); and that Plaintiff had named Santa Fe County as a Defendant but had not, and did not intend to, serve the County with a summons and/or copy of the amended complaint (even though, by law, the County would be obligated to pay a judgment).   In the face of such knowledge, however, the Court ruled that Plaintiff should not be required to serve notice of the upcoming jury trial for damages on Dennis O'Brien, and that the damages trial should, in effect, proceed *in absentia*.   See Material Fact Nos. 29-33; see also Memorandum Opinion and Order (Doc. 18), 1, 2, 3-4, 15-18, 22-23.

With respect, why did the Court so rule, in light of the fundamental right of persons to notice and a right to be heard? See, i.e., Peralta v. Heights Medical Center, Inc., 485 U.S. 80, 84 (1988) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections[]" and failure to give such notice violates "the most rudimentary demands of due process")

-17-

(case citations omitted). What burden would it have placed on Plaintiff to require him to mail copies of a notice of upcoming jury trial to Mr. O'Brien and the Santa Fe County Attorney? In all likelihood, had the Court ruled otherwise, the parties and the Court would not be where they are today; appropriate relief from the purported default would have been sought then.[10]

Perhaps most fundamentally--and unbeknownst to the Court at the time--the default judgment, which granted judgment on the merits as to the allegations of the complaint, rests upon a series of false and misleading statements and omissions of material fact by Plaintiff and his counsel, and clearly was subject to the doctrine of collateral estoppel.

For a quarter century, the law has been well-established that collateral estoppel bars the relitigation in a § 1983 civil action of any issue previously determined in a state-court criminal case, as long as the plaintiff had a "full and fair opportunity" to litigate the issue in the state-court proceeding. See, i.e., Allen v. McCurry, 449 U.S. 90 (1980); Allen v. Cunningham, 51 F.3d 285 (10th Cir. 1995); Franklin v. Thompson, 981 F.2d 1168 (10th Cir. 1992) (plaintiff's criminal conviction in state court for disorderly conduct bars relitigation of the legality of the underlying arrest in subsequent § 1983 action in federal court);

---

[10] The Court noted correctly that neither the Supreme Court nor the Tenth Circuit Court of Appeals has directly addressed the issue of what notice, if any, must be served on a defaulting party with respect to a subsequent damages trial. The Court further noted correctly that district courts were in disagreement on the issue. In the end, the Court decided that because notice was available on the Court's electronic docket, it would not impose upon Plaintiff an "obligation" to give notice. See Doc. 18 at 15-18, 22-23.

Hubbert v. City of Moore, 923 F.2d 769 (10th Cir. 1991)
(notwithstanding plaintiff's acquittal at trial, state court's
finding of probable cause at preliminary hearing bars relitigation
of probable cause in subsequent § 1983 action in federal court);
Searing v. Hayes, 684 F.2d 694 (10th Cir. 1982)(per curium) (even
though state court denied evidentiary hearing, plaintiffs may not
relitigate issues of probable cause or allegedly false statements
made in support of warrant in subsequent federal § 1983 action);
Maxfield v. Thomas, 557 F.Supp. 1123, 1132 (D. Idaho 1983) (state
court's denial of plaintiff's motion to suppress bars relitigation
of constitutionality of searches and seizures in subsequent § 1983
action in federal court); Smith v. Buttry, 2004 U.S. App. LEXIS
19211 (6th Cir. 2004) (notwithstanding plaintiff's election not to
present evidence at preliminary hearing and ultimate dismissal of
charges, state court's finding of probable cause bars relitigation
of probable cause, and bars plaintiff's claims of false arrest and
false imprisonment, in subsequent § 1983 action in federal
court)(cases cited); Williams v. Weber, 905 F.Supp. 1502, 1507 (D.
Kan. 1995)("well-established" that plaintiff may not relitigate
issue of probable cause in § 1983 civil action once the issue has
been determined in prior criminal action).[11]

---

[11] New Mexico law reaches the same result.   See State v.
Arevalo, 2002-NMCA-62, ¶¶ 8-9, 132 N.M. 306, 308-09, 47 P.3d 866,
868 (Ct.App. 2002)(elements of collateral estoppel); Reeves v.
Wimberly, 107 N.M. 231, 755 P.2d 75 (Ct.App. 1988), citing Silva v.
State, 106 N.M. 472, 745 P.2d 380 (1987) (collateral estoppel may
be applied "when a defendant seeks to preclude a plaintiff from
relitigating an issue the plaintiff has previously litigated and
lost regardless of whether defendant was privy to the prior suit").

Thus, based on long-established case law and absent the default, the Court in the case at bar would have been required to accept the findings of fact adjudicated by the state court, which expressly contradict the material allegations of the complaint.

When all is said and done, the judgment at issue here rests upon a rotten foundation which, in equity and good conscience, cannot be allowed to stand. The judgment is based upon deficient or, more likely, non-existent service on Defendant Dennis O'Brien, with a summons that appears to have been altered to change his title from the erroneous Santa Fe City Police Officer to the correct County Deputy Sheriff. Thus, the Court's in personam jurisdiction over O'Brien is questionable. For two years, through the damages "trial" held *in absentia*, neither the Court nor Plaintiff attempted any further notice to O'Brien of the proceedings against him; he had no notice of the trial and no opportunity to be heard, or to bring the defective or non-existent service to the Court's attention. And there unquestionably never was any service of process or other notice made upon the party (arguably a necessary party) responsible for paying the judgment, e.g., Defendant Santa Fe County Board of County Commissioners. Moreover, the case is rife with procedural irregularities, from a summons whose form violates Rule 4(a)(1)(A) in a material way, to a materially altered Return of Summons, to a default judgment that speaks about "Defendant Russell Fleming", to an amended complaint filed in violation of the Federal Rules of Civil Procedure, to a dismissal of Defendant Santa Fe County <u>after</u> trial and jury verdict.

-20-

The judgment, moreover, is based on a lie: the allegation (the *sine qua non* of the excessive force case under 42 U.S.C. § 1983) that Sgt. O'Brien shot Plaintiff in the back as Plaintiff was peacefully walking away from him, at a time when Plaintiff posed no threat to O'Brien or anybody else.  Such an allegation is blatantly contradicted by the state court's findings of fact and verdict at the conclusion of a fully-litigated criminal trial, based upon proof beyond a reasonable doubt: that Plaintiff Mitchell attacked Sgt. O'Brien with a sword during a raging, psychotic assault, while O'Brien backed away as three other officers gave commands which Plaintiff ignored, until finally, when O'Brien had backed up as far as he could against a parked vehicle, he shot Plaintiff as Plaintiff was quickening his pace towards O'Brien, facing him. Under the circumstances, the state court's 2004 findings of fact could not be re-litigated at bar under well-established principles of collateral estoppel.  And even if, for some reason or another, collateral estoppel does not apply, there exist up to seven different eyewitnesses who could have testified in contradiction of convicted felon Walter Mitchell's false version of events.

This Honorable Court was correct when it noted that "the Court has not had the benefit of an adversarial process" in this case. See Memorandum Opinion and Order (Doc. 18) at 15.  Unknown to the Court when it entered judgment, there was a good defense to the alleged cause of action on which the judgment was founded; there was fraud, accident, or mistake which prevented both of the Defendants from obtaining the benefit of that defense; and there

-21-

was no fault or negligence on the part of Defendant Dennis O'Brien or Defendant County of Santa Fe (which, from the outset, was legally obligated to pay the judgment).  In addition, there is no adequate remedy at law due to expiration of the time limits set forth in Rule 60.  See National Sur. Co. of New York v. State Bank of Humboldt, supra (elements of independent action in equity for relief from judgment).  In equity and good conscience, therefore, the Court should vacate the judgment.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth, Defendants respectfully request the Court to set aside and make null and void the Judgment entered December 31, 2007, and to dissolve the Lis Pendens, and for all other relief the Court deems equitable under the circumstances.

Respectfully submitted,

/s/

**MICHAEL DICKMAN**
Post Office Box 549
Santa Fe, New Mexico 87504
(505) 989-9360
**Attorney for Defendants**

## CERTIFICATE OF SERVICE

I certify that I caused a copy of this motion
to be electronically served on

Dennis W. Montoya, Esq.

on the date of filing hereof
at his email address as registered on CM/ECF.

/s/

**MICHAEL DICKMAN**

-22-