IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WALTER MITCHELL,

       Plaintiff,

vs.                                                                                                                   No. CIV 05-1155 JB/LAM

BOARD OF COUNTY COMMISSIONERS OF
THE COUNTY OF SANTA FE, a Governmental
Entity organized under the Laws of the State of
New Mexico and its subsidiary Santa Fe County
Sheriff's Department, and DENNIS O'BRIEN,
a Deputy Sheriff with the Santa Fe County
Sheriff's Department, individually,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Independent Action in Equity to Obtain Relief From a Judgment, filed March 23, 2010 (Doc. 49)("Independent Action"). The Court held a hearing on February 10, 2011. The primary issue is whether the independent action permitted under rule 60 of the Federal Rules of Civil Procedure can be brought as a motion. Because the Defendants improperly attempt to bring an independent action as a motion, the Court denies Defendants' "motion" for independent action.

## PROCEDURAL HISTORY

On November 2, 2005, Plaintiff Walter Mitchell filed a Complaint alleging various civil rights violations against Defendants City of Santa Fe and Dennis O'Brien. See Complaint for Civil Rights Violations, filed November 2, 2005 (Doc. 1)("Complaint"). In the Complaint, Mitchell misspelled O'Brien's name as "O'Brian," and identified him as an "Officer of the Santa Fe Police." On April 20, 2006, Mitchell amended his complaint, replacing Defendant City of Santa Fe with

Defendant Board of County Commissioners of the County of Santa Fe, correcting the spelling of O'Brien's name, and identifying O'Brien as "A Deputy Sheriff with the Santa Fe Sheriff's Department." First Amended Complaint for Civil Rights Violations ¶ 11, at 3, filed April 20, 2006 (Doc. 13)("Amended Complaint"). In his pleadings, Mitchell alleged that, on or about November 4, 2002, Defendant Dennis O'Brien shot him from behind a total of three times. See Amended Complaint ¶ 11, at 3.

No Defendant entered an appearance or filed a response in this matter. On April 11, 2006, Mitchell filed a motion for default judgment against O'Brien. See Motion and Application for Default Judgment, filed April 11, 2006 (Doc. 6)("Motion for Default Judgment").

Mitchell asserted that service on O'Brien was reliable, because O'Brien is still an active duty deputy sheriff with the Santa Fe County Sheriff's Department and another deputy sheriff of the same department served O'Brien. See Transcript of Hearing at 43:20-24 (Montoya)(taken June 16, 2006)("Transcript").[1] A return of service for the original Complaint was executed for service upon O'Brien and for service upon the City of Santa Fe. See Return of Service, filed December 29, 2005 (Doc. 3); Return of Service, filed November 16, 2005 (Doc. 2). No return of service was filed in association with Mitchell's Amended Complaint. No Defendant has entered an appearance or filed a response in this matter.

On April 11, 2006, Mitchell filed a motion for default judgment against O'Brien. See Motion and Application for Default Judgment, filed April 11, 2006 (Doc. 6)("Motion for Default Judgment"). The following day, April 12, 2006, the Clerk of the Court entered default against

---

[1]The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

O'Brien. See Clerk's Entry of Default, filed April 12, 2007 (Doc. 10). On May 9, 2006, the Court entered an order granting Mitchell's application for default judgment. See Order on Plaintiff's Motion for Default Judgment, filed May 9, 2006 (Doc. 15).

As a result of the default judgment entered against O'Brien, Mitchell requested the Court set a hearing at which a monetary amount due to Mitchell could be calculated. See Request for Hearing in Lieu of Affidavit of Amount Due for Default Judgment, filed April 11, 2006 (Doc. 7). Mitchell's counsel represented that he was unable to provide a fixed monetary amount without a hearing in this case. See id. Mitchell did not serve O'Brien with a notice of the hearing on damages. On May 6, 2006, however, the Court filed a Notice of Hearing indicating that it would hold a hearing on May 17, 2006 to assess the amount of damages. See Notice of Hearing, filed May 6, 2006 (Doc. 14). On May 17, 2006, the Court filed an order granting Mitchell's motion to continue the damages hearing until June 16, 2006. See Motion to Continue Hearing for May 17, 2006, filed May 15, 2006 (Doc. 16); Order Continuing Hearing Set for May 17, 2006, filed May 17, 2006 (Doc. 17). Both the Court's May 6, 2006 Notice of Hearing, and its May 17, 2006 Order continuing the hearing, were properly added to the Court's docket in this case. The Court held a hearing on June 16, 2006 at which Mitchell presented evidence regarding the amount of his damages in the form of his own testimony and the testimony of an economics expert.

At the June 16, 2006 hearing, the Court asked Mitchell about his jury demand and whether the Court should empanel a jury to hear his damages issues. See Tr. at 44:18-24 (Court). Before presenting evidence at the June 16, 2006 hearing, Mitchell's counsel stated that Mitchell withdrew his jury demand for the purposes of the hearing. See Tr. at 45:1 (Montoya). Mitchell asserted that, if O'Brien subsequently made an entry of appearance, he reserved the right to renew his jury

demand.  See id. at 45:2-3.

On May 9, 2007, the Court filed a Memorandum Opinion and Order.  See Doc. 18 ("MOO"). The Court noted that two issues presented themselves for which the Court had not had the benefit of any briefing by Mitchell or adversary process.  On the first issue, the Court held that Mitchell was not required to serve O'Brien notice of the damages hearing.  On the second issue, the Court held that, under rule 38(d) of the Federal Rules of Civil Procedure, Mitchell could not unilaterally withdraw his jury demand, which led the Court to require that a jury determine his damages award.

On December 10, 2007, the Court held a jury trial on damages.  See Clerk's Minutes, filed December 10, 2007 (Doc. 46).  The jury awarded Mitchell $2,500,000.00 in compensatory damages and $500,000.00 in punitive damages.  See Special Verdict Form, filed December 10, 2007 (Doc. 43).  On December 28, 2007, Mitchell filed his Rule 41 Dismissal of the Board of County Commissioners of Santa Fe County, which dismissed the Board of County Commissioners of the County of Santa Fe without prejudice.  See Doc. 44.  The Board of County Commissioners of the County of Santa Fe and never appeared in this case.  See Fed. R. Civ. P. 41(a)(1)(A)(i)("[T]he plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment . . . .").  On December 31, 2007, the Court entered Final Judgment.  See Doc. 45.  After Final Judgment was entered, Mitchell passed away.

The Defendants, pursuant to rule 60(d)(1) of the Federal Rules of Civil Procedure and the common law, "move" the Court for an independent action in equity to set aside and make null and void the judgment entered in this action, and to vacate and to dissolve the corresponding Notice of Lis Pendens.  See Independent Action at 1.  As grounds for this Independent Action, the Defendants

argue that the judgment was entered in violation of the due-process rights of both Defendants under the United States Constitution, and that, in equity and fairness, it ought to be set aside and voided to prevent a grave miscarriage of justice. They contend that service was deficient or non-existent, and that neither Mitchell nor the Board of County Commissioners of Santa Fe County ever received notice of this case. They further assert that irregularities exist in the Santa Fe County's Sheriff's Department's internal paperwork, and the return of service "has been tampered with" -- the typed words "Police Dept." whited out and the handwritten words "County Sheriff's Dept." written in. Independent Action ¶¶ 20-22, at 7-9.

The Defendants allege, contrary to Mitchell's contention that O'Brien shot him in the back, that, on November 4, 2002, Mitchell, in a psychotic and/or hypnomanic state after consuming an excess dosage of medication, menaced his neighbors and attacked their dogs with a sword, and, when officers, including O'Brien, were dispatched to the scene, Mitchell -- invoking the apocalypse and proclaiming his hatred for law enforcement officers, his sword drawn and poised to attack, with eyes of rage -- advanced thrice on O'Brien, backing O'Brien into a parked vehicle, at which time O'Brien shot Mitchell in self defense. See Motion ¶¶ 5, 6, at 4. Based on these events, on March 16-18, 2004, following a bench trial at which Mitchell was represented by two attorneys, he was convicted beyond a reasonable doubt of aggravated assault upon a peace officer and aggravated assault with a deadly weapon, and found guilty but mentally ill. See State of New Mexico v. Mitchell, NO. D-0101-CR-2002-01027 (D. Ct. N.M. June 15, 2004); Motion ¶¶ 9, 10, at 5-6.

The Defendants assert that the City o f Santa Fe and/or the Santa Fe Police Department had no involvement whatever in the events of November 4, 2002. They further assert that, had they been aware of this case, they would have moved the Court to dismiss the case based on Mitchell's

criminal conviction.  They ask the Court to set aside and make null and void its Final Judgment.

On April 9, 2010, Mitchell filed his Response in Opposition to Defendant's Motion to Set Aside Default Judgment, Which Is Styled as an "Independent Action in Equity to Obtain Relief from a Judgment."  See Doc. 51.  Mitchell asserts that the Defendants improperly attempt to bring an independent action as a motion.  Mitchell also asserts that O'Brien was served with the Amended Complaint, that correctly identified him, and that O'Brien was mailed a copy of the Final Judgment two days after it was entered, but took not action.

At the February 10, 2011 hearing, the Defendants stated that they did not want the Court to treat their Independent Action as a rule 60(b) motion.  They also opposed allowing discovery into the circumstances surrounding Mitchell's service on the Defendants.  Mitchell requested that he be able to take discovery if the Defendants are permitted to proceed.

## ANALYSIS

The Defendants "move" for an independent action in equity -- a long-established cause of action that predates the Federal Rules of Civil Procedure.  Rule 60(d)(1) states: "This rule does not limit a court's power to . . . entertain an independent action to relieve a party from a judgment, order, or proceeding . . . ."  Fed. R. Civ. P. 60(d)(1).  The Defendants contend that they can bring an independent action as a Motion.  The advisory committee notes state: "If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action."  Fed. R. Civ. P. 60 advisory committee notes to the 1946 amendment.  After carefully reviewing the Defendants' argument, the Court concludes that an "independent action" is an independent action, and not a motion.  Rule 60(d)(1) "is not an

affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." 11 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure § 2868 (2d ed. 2010). Because the Defendants are adamant that they do not want the Court to treat their request for an independent action as a rule 60 motion, and because the Court believes discovery will likely assist it in deciding the disputed factual matters the Defendants present, the Court denies the Defendants' motion, and will require them to bring their independent action as an independent action.

In Sindar v. Garden, 284 F. App'x 591 (10th Cir. 2008), the United States Court of Appeals for the Tenth Circuit stated:

> Rule 60 contains a saving clause that provides that the rule "does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d). The Supreme Court has explained that "an independent action should be available only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 . . . (1998). To prevent the Rule 60 restrictions from "be[ing] set at naught," independent actions must "be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." Id. (quoting Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244 . . . (1944)). Thus, we have noted that the independent-action clause provides only a "narrow avenue." [United States v. Buck, 281 F.3d 1336, 1341 (10th Cir.2002)].

284 F. App'x at 596-97.

The United States Court of Appeals for the Eighth Circuit summarized the elements of an independent action in equity long before the adoption of the Federal Rule of Civil Procedure:

> The indispensable elements of such a cause of action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

11 C. Wright, A. Miller & M. Kane, supra, § 2868 (quoting National Sur. Co. v. State Bank of Humboldt, Neb., 120 F. 593 (8th Cir. 1903). "Resort to an independent action may be had only rarely, and then only under unusual and exceptional circumstances." 11 C. Wright, A. Miller & M. Kane, supra, § 2868. A court that presides over the original action has ancillary jurisdiction over the independent action. See United States v. Beggerly, 524 U.S. 38, 46 (1998).

> If an independent action for relief from a judgment is brought in the court that gave judgment, there is ancillary jurisdiction over the action despite the absence of a federal question or of diversity of citizenship or of the requisite amount in controversy. Because the case is within the ancillary jurisdiction of the court that gave the original judgment, the jurisdiction of that court cannot be ousted by subsequent changes in the parties affected, and additional persons can be named as parties, regardless of diversity, if they can be served with process.

11 C. Wright, A. Miller & M. Kane, supra, § 2868 (footnote omitted).

The Defendants assert that an independent action "may be brought by motion". Independent Action at 2. For this proposition, the Defendants rely on Robinson v. Volkswagenwerk AG, 56 F.3d 1268 (10th Cir.), cert. denied 516 U.S. 1045 (1995), Crosby v. Mills, 413 F.2d 1273 (10th Cir. 1969), and 11 C. Wright, A. Miller & M. Kane, supra, § 2868. None of these authorities support the Defendants' contention. Cf. 11 C. Wright, A. Miller & M. Kane, supra, § 2868 ("Accordingly there is some authority that the old distinction persists if relief is sought by an independent action, rather than by motion, and that the action will lie for 'extrinsic' fraud but not for 'intrinsic' fraud."); id. ("It ought not to persist as a limit on independent actions now that it has been abolished for motions.").

In Robinson v. Volkswagenwerk AG, the plaintiff proceed by an independent action and not by a motion:

> Rule 60(b) places a one-year time limit on certain motions seeking relief from a judgment, including motions premised upon fraud or misconduct of an adverse party.

> The rule, however, "does not limit the power of the court to entertain an independent action to relieve a party from a judgment . . . ." Id.  Thus, if the right to make a motion is lost because of the time limits of Rule 60(b), there is another procedural remedy available: "by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action."  Id., Advisory Committee Notes to 1946 Amendment.  See W. Virginia Oil & Gas Co. v. Breece Lumber Co., 213 F.2d 702, 706 (5th Cir. 1954).  On the claims now before us, the plaintiffs clearly proceeded by way of filing a separate action rather than by motion in the action giving rise to the judgment.  "Where the independent action is resorted to, the limitations of time are those of laches or statutes of limitations." Fed. R. Civ. P. 60, Advisory Committee Notes to 1946 Amendment.  Thus, the one-year limit in Rule 60(b) does not apply to the plaintiffs' complaint.

56 F.3d at 1274-75.  The Tenth Circuit's opinion does not suggest that the independent action may be brought by motion under rule 60(b) or otherwise.  Similarly, in Crosby v. Mills, the plaintiff "brought an independent action . . . to have certain orders of the referee, in bankruptcy proceedings . . . , declared void" -- the plaintiff did not proceed by motion.  413 F.2d at 1275  "The trial court held that the action was an impermissible collateral attack against the orders of the referee and that it had no jurisdiction."  413 F.2d at 1275.  The Tenth Circuit found that the court had jurisdiction, but stated "the better practice would be to assert Rule 60(b) claims by an application directed to the referee but we are unwilling to say that the failure to follow such procedure is fatal to jurisdiction."  413 F.2d at 1275.  The Tenth Circuit did not state that, when an independent action is actionable, that the independent action can be brought by motion; rather, it stated that, when a person is attacking an order on the grounds in rule 60(b), the person should bring his or her attack under rule 60(b) rather than by an independent action.  However, the Defendants ask the Court not to treat their Independent Action as a rule 60(b) motion.

There is some authority -- outside of the Tenth Circuit -- that a court may treat an independent action as a rule 60 motion.  A "party is not bound by the label he puts on his papers.  A motion may be treated as an independent action or vice versa as is appropriate."  Nevada VTN

v. General Ins. Co. of America, 834 F.2d 770, 775 (9th Cir. 1987)(emphasis added). See BankersMortgage Co. v. United States, 423 F.2d 73, 77 n.7 (5th Cir.)("Where the adverse party is not prejudiced an independent action for relief may be treated as a 60(b) motion, and conversely, a 60(b) motion may be treated as the institution of an independent action.")(emphasis added), cert. denied 399 U.S. 927 (1970); 7 J. Moore & J. Lucas, Moore's Federal Practice ¶ 60.31 (2d ed. 1985) ("[A] proceeding for relief under 60(b) may in an appropriate case be treated as an independent proceeding, and similarly an independent action may be treated as a proceeding under 60(b)."). Neither the United States Courts of Appeals for the Fifth or Ninth Circuits assert that a court must treat an independent action like a rule 60(b) motion. At the hearing, however, the Defendants stated that they did not want the Court to treat their Independent Action as a rule 60(b) motion.

There are good reasons not to read the case law as requiring a trial court to treat an independent action as a motion. First, the plain language of the rule says "independent action"; the Court is reluctant to interpret that as "a motion" when rule 60(d)(1) "is not an affirmative grant of power but merely allows continuation of whatever power the court would have had to entertain an independent action if the rule had not been adopted." 11 C. Wright, A. Miller & M. Kane, supra, § 2868. Post-trial motions often come with no or little discovery. See Trentadue v. FBI, 572 F.3d 794, 805 (10th Cir. 2009). It is often better, when the facts are not clear or are disputed, to treat the request for relief from judgment as a new case: (i) require payment of the filing fee; (ii) require a complaint; (iii) require an answer; (iv) have a scheduling conference and set pre-trial deadlines; (v) allow discovery; and (vi) have a trial. To set aside an old judgment on a motion without all of the pretrial safeguards of a trial gives considerable power to the movant, who can shortcut all the requirements of bringing a cause of action. Moreover, unlike a court of appeals, that must decide

whether to treat the independent action like a motion or send the parties back to start over, the Court and parties are at the beginning of the Defendants' challenge to the Court's Final Judgment. The Court believes it is better to get the procedural requirements right rather than rely on the Court of Appeals to sort out an appeal by excusing the form.

Additionally, at the hearing the Defendants asserted that, were the Court to permit them to proceed, they would object to allowing Mitchell to engage in discovery. The Court believes discovery will likely assist it in deciding this matter and resolving the parties' factual disputes. There are disputed questions of when and if O'Brien received notice of this proceeding. While O'Brien alleges he never received service, Ken Johnson, who at the time was a Santa Fe County Sheriff's Department Sergeant, signed the return saying O'Brien was personally served. There are also unanswered questions about irregularities in the Santa Fe County's Sheriff's Department's internal paperwork, and who "tampered with" the return of service, in which the typed words "Police Dept." were whited out replaced with the handwritten words "County Sheriff's Dept." Independent Action ¶¶ 20-22, at 7-9. The Defendants refuse, were the Court to treat their motion for an independent action as a rule 60(b) motion, to permit Mitchell discovery. Requiring the Defendants to properly bring their independent action as an independent action, and not as a motion, will provide the Court with the benefit of discovery into the factual disputes in this case. Without clear guidance from the Tenth Circuit, the Court is reluctant to ignore the plain language of rule 60(d) and say that a motion is an acceptable way to proceed. See Fed. R. Civ. P. 60 advisory committee notes to the 1946 amendment ("If the right to make a motion is lost by the expiration of the time limits fixed in these rules, the only other procedural remedy is by a new or independent action to set aside a judgment upon those principles which have heretofore been applied in such an action."). But even

if the Court has the power to treat the Independent Action as a motion, the caselaw suggests that the Court has discretion not to do so.  Exercising such discretion, the Court does not believe that this is the case to ignore the benefits and structure of an independent action.  Accordingly, the Court will deny the Defendant's "motion" for an Independent Action, and the Court will not treat the Independent Action as a rule 60(b) motion.  The Court does not comment in any way on the merits of the Defendants' assertions.  That is for the court and the factfinder in the independent action to decide.

    **IT IS ORDERED** that the Defendants' Independent Action in Equity to Obtain Relief From a Judgment, filed March 23, 2010 (Doc. 49), is denied.

                                                                                                   _____
                                                                                                      UNITED STATES DISTRICT JUDGE

*Counsel:*

Dennis W. Montoya
Montoya Law, Inc.
Rio Rancho, New Mexico

    *Attorney for the Plaintiff*

Michael Dickman
Law Office of Michael Dickman
Santa Fe, New Mexico

    *Attorney for Defendants Board of County Commissioners of Santa Fe County*
    *and Dennis O'Brien*